## OVERAKER *v.* THE STATE, 4 Smedes & Marshall, 738.

### SELLING LIQUOR TO SLAVES.

Where a party was indicted in four different cases at the same term of the court, and recognizances given in each case, which were severally forfeited, and the clerk recites in the *scire facias*, the forfeiture as having been taken *in these four cases* without specifying which cases, or their titles, or identifying them in any way; *held* to be erroneous.

Where the sheriff executes a bench warrant, and takes bail, he should so state it, and return the facts in full to the court.

Where the sheriff returns a bench warrant, " executed," and says nothing of any recognizance or bail taken by him, the mere fact that a recognizance is recited in the record, there being nothing but its own recitals to connect it with the case, will not be sufficient to uphold a judgment for a forfeiture upon it.

Error to the circuit court of Jefferson county.

There were four records filed in this court against the same parties; the condition of the records in the several cases is nearly the same, and the opinion delivered in each case is nearly a transcript of the opinion in each of the others. One case only is therefore reported.

The facts are fully stated in the opinion of the court.

The plaintiffs assigned the following errors:

1. That there is no offense against the laws of Mississippi charged against said Overaker, either by presentment or indictment.

2. There is no return of the sheriff showing and identifying any recognizance on which to charge the plaintiffs in error.

3. There is no legal recognizance on which to charge the plaintiffs in error.

4. The judgment of the court is not in conformity with the previous parts of the record and proceedings, but is a departure therefrom, and not justified thereby.

*Lea & Kennedy* for plaintiffs in error.

1st Error. No offense is charged either by presentment or indictment. 1. December 16th, 1837, is the time stated of the supposed offenses; but this date is long after the term at which the presentment was made; and the supposed offenses were impossible at the date of the accusation. Serpentine v. The State, 2 How. 256. 2. The supposed offenses are not indictable, but are subjects of penalty by civil or *qui tam* proceeding. Rev. Code, 390, Ch. 74. S. 4: 1 Chitty Cr. Law, 162. This is not among the offenses enumerated in chapter 73, and therein referred to the criminal jurisdiction of the courts.

2d Error. No return of the sheriff as to any recognizance. On the *capias* his only return is, "Execution, November 14th 1838," a date, by the way, long subsequent to the date of this pretended recognizance. But if at a proper time the return should show that a recognizance had been taken if true.

3d Error. No legal recognizance. 1. Because no crime or misdemeanor is charged. Rev. Code, 252, 253. 2. Because the *capias* and recognizance purport to be on a charge by indictment for entertaining slaves; but no such charge is otherwise found in the record.

4th Error. Judgment—a *non sequitur* from the record. 1. Because, without an offense charged, possible, and indictable, all the subsequent proceedings are erroneous. 2. Because the subsequent parts of the record are not connected by the sheriff's return with the proceedings. 3. Because the latter and former parts of the record are incongruous in several particulars already cited. As there is no *prima facie* case against the accused, he will expect a final discharge.

*Collins*, attorney general.

The only point in these cases is the legality of a recognizance taken before the sheriff of the county when he has taken a prisoner on a bench warrant, with directions to take a recognizance from the party: the acknowledgment of the indebtedness to the state is sufficient.

The record shows a presentment by the grand jury of Jefferson county, a return of it into court, a bench warrant executed thereon, and a recognizance entered into by Overaker, with Wilcox as surety. They acknowledge themselves indebted to the state in the penal sum therein specified. This was done before the sheriff. A forfeiture is taken against the parties; *scire facias* issues and is made final.

### TURNER, J.:

The record in this case represents in the caption, that an indictment was found by the grand jury of Jefferson county at the June term, 1837, against George Overaker, which is in the words, etc., following, to wit, etc. Then follows a presentment, as of December term, 1837, and not an indictment, charging that the said George Overaker, late of the county of Jefferson, grocer, on the 10th day of December, 1837, did sell and give to certain negro slaves, naming their owners, spirituous liquors, without the permission of their master, etc. The record further states, that thereupon *capias* issued, and the *capias* is copied, requiring the sheriff to arrest Overaker, etc., to answer to " the indictment " preferred against him for " entertaining slaves " at the June term, 1837. This warrant issued the 21st September, 1837, requiring bail in five hundred dollars. The sheriff's return reads as follows: " Received November 13, 1837. Executed November 14, 1838. George Torrey, sheriff. Nothing is said in this return about having taken a recognizance. But a recognizance immediately follows, purporting to have been taken on the 14th November, 1837, of George Overaker and G. H. Wilcox, by said sheriff, in the sum of five hundred dollars, for the appearance of said Overaker to answer to an indictment preferred against said Overaker at the June term, 1837, for " entertaining slaves," and not to depart, etc., but continue to attend from term to term, etc.

The next entry in the record shows proceedings at the June term, 1838, by which it appears that the district attorney came on the part of the state " in the four cases," and the said Overaker, though called, came not, neither did Wilcox, the security

in the recognizance, bring into court the body of the said Over-
aker; whereupon a forfeiture of their recognizance "in these
four cases," was by proclamation .taken *nisi*. Then follows a
*scire facias* reciting, "Whereas George Overaker was, at the
June term, 1837, of the circuit court of said county, for selling
and giving to two negro men, to wit: Peter and Ben," etc.,
without naming either presentment or indictment, and going on
with other recitals appearing to have relation to the previous
proceedings, and requiring the sheriff to make known, etc., to
said Overaker and Wilcox to appear, etc., and show cause why
judgment, etc., which *scire facias*, has returns of "Received
November, 1838, executed, etc., November, 1838;" and at the
December term, 1838, the judgment was made final for five
hundred dollars.against said Overaker and Wilcox.

The errors assigned four in number, are, in substance, that
there is no offense charged either by presentment or indictment;
that there is no return of the sheriff, identifying and showing
any recognizance on which to charge the plaintiff in error; that
there is not any legal recognizance; and that the judgment of
the court is not in conformity with the previous parts of the
record and proceedings, but is a departure therefrom, etc.

It is very apparent that this record is full of errors, both in
form and substance, and it is not made up with that care and in
that order which the law requires. A record should be a united,
properly connected and true history of the case. Some of the
errors and omissions in this case could have been corrected in the
court below. For instance, when the grand jury made a present-
ment of a misdemeanor, which was within their own knowledge,
the district attorney might have preferred an indictment thereon,
if he considered the accusation sustainable, and had a proper
finding with the name of the prosecutor endorsed. See Chit.
Crim. Law, 163. "After the presentment has been delivered
into court by the grand inquest, in general an indictment is
framed upon it by the officer of the court; for it is regarded
merely as instructions for an indictment, to which the party ac-
cused must answer." This is the general law. But in the Re-
vised Code, 367, 368, this offense, and the mode of proceeding,  ·

are pointed out. The act authorizes proceedings by present-
ment, without indictment; and this presentment might have
been returned to the grand jury which made it, for correction.

The offenses charged are stated to have been committed at a
day *subsequent* to the presentment. Whether this was a mistake
or not, it is fatal. The offense of selling spirituous liquors to
slaves, and entertaining them without permit, etc., is an offense
presentable by the grand jury, by the act Rev. Code, p. 368. I
am not informed of any decision of this court on the subject, or
of the repeal of that act.

The bench warrant, or *capias* which issued, sets forth an in-
dictment "for entertaining slaves," when no indictment is
shown, and "entertaining slaves" is not a proper designation of
the offense set forth in the presentment.

The return on the *capias*, as made by the sheriff, states it to
have been executed on the 14th November, 1838, when it was
received in 1837, and made returnable to December term, 1837;
and the return does not state what was done by the sheriff with
the body of Overaker, which he was required to take; but the
record contains a recognizance taken of Overaker by the sheriff,
with Wilcox as his surety, reciting that the said Overaker was
to appear and answer " to an indictment for entertaining slaves."
No proceedings appear to have been had in the case at the
December term, 1837, but at the June term, 1838, it is stated
in the record, that this day came the district attorney on the
part of the state, " in these four cases " (without stating what
cases), and that said Overaker, being called, came not, neither
did the said Wilcox, etc., and forfeited their recognizances " in
these four cases." *Scire facias* issued to December term,
1838, was returned executed, and judgment final taken against
the plaintiffs in error, on their default, for five hundred dollars.

The sheriff should have stated in his return on the bench war-
rant, what he had done on it; if he took bail he should have
stated it. The bench warrant and the recognizance, and the
*scire facias* should have contained the true cause of the prose-
cution, with certainty, at least to a common intent. What the
clerk meant in the court below, by " these four cases," we are
left to conjecture. But, certain it is, that we have now before

us *four cases* between these same parties; and they are all pretty much alike as to parties and forfeitures, but very different as to the grade of crime.

The judgment must be reversed, bench warrants and all subsequent proceedings quashed, and case remanded for further proceedings in the court below, on the presentment of the grand jury.